UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRANCE SWANN, )
    Plaintiff, )
)
)
v. ) Case No. 2:19-cv-00592-JMS-MJD
)
)
RICHARD BROWN, et al., )
    Defendants. )

FILED
11/20/2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

The Plaintiff, Terrance Swann, respectfully request the Court for leave to Amend his complaint do to extraordinary circumstance that have change since the filing of the Plaintiff's complaint. In support of this motion the Plaintiff now states as follows:

1. On February 25, 2020 the Court allowed the Plaintiff to proceed on due process and equal protection claims against Warden Brown, Deputy Warden Littlejohn, Mr. Snyder, Mr. Purcell and Mr. McDonald.

   The court dismissed Gov. Holcomb, Commissioner Carter, Director Bucket, Kevin Gilmore, Sgt. Burlow, Sgt. Vanschoyck, Lt. Hint and Dir. Jack Hendrix for a range of different reasons. [Dkt 16]

2. The Court allowed the Plaintiff to proceed on due process violations from June 2017 thru 2018; and the

plaintiff replacement back to Administrative Segregation that is indefinitely.

3. The Plaintiff filed a injuction relief to this court requesting to be moved after he was attacked by two different cellmates and nothing was done Dkt. 19-2. The Court directed the clerk to File dkt [31] as a new action (see Dkt. 32)

4. Two days before Dkt. 32 was issued. The Plaintiff was cell extract without incident and placed on Administrative Segregation. This was done because the Plaintiff Filed grievances and complaints to state officials. On August 21, the plaintiff was approved for Department-wide Segregation for Long-term segregation. The Plaintiff would like to remind and or rather point out that the plaintiff recieved no conduct reports at New Castle Corr. Facility. The reason officials gave for placing the plaintiff on Administrative Housing was for his 2013 assault and naming safety and security concerns for staff and offenders but this made no sense when they failed to protect the plaintiff, even going so far as to block the plaintiff GTL text messages asking his family for help.

5. "Jack Hendrix" approved the plaintiff for Department wide segregation citing that the plaintiff had 47 write-up (conduct reports) since his incarceration

and 17 of those conduct have been major conduct reports (See Exhibit 1) The Plaintiff would like to remind the Court that he has been incarcerated for 21 years.

6. In Isby v. Wynn, 2:12-cv-00116-JMS-MJD Dkt. 274 pg. 30, the Court cited "The state may not use Ad Seg as a charade in the name of prison security to mask indefinite punishment for past transgressions." Isby, 856 F.3d at 529 (quoting Proctor, 846 F.3d at 611)

It is undoubtedly certain that I.D.O.C Director of Classification approved the plaintiff for Department-Wide Seg for his 2013 assault on two Correctional Officers but mask it under 47 conduct report which still violates Proctor.

Furthermore, Director, Jack Hendrix is continuing the same reckless disregard the Court cited that Isby had shown the Court of Director Jack Hendrix reckless management styles which resulted in the deprivation of Isby due process and in which the Court awarded punitive damages against Director Jack Hendrix.

7. Lastly, the Plaintiff needs to add additional OII Official that held the Plaintiff on Ad Seg because of his 2013. The Plaintiff discovered this information through the discovery of the Defendants.

WHEREFORE The Plaintiff prays the court will allow the Plaintiff to submit an amended complaint and grant all other relief deem just and proper.

Respectfully
Terrance Swain

CERTIFICATE OF SERVICE

I, Terrance Swain, hereby certify that a copy of this Motion was sent to Jordan M. Stover Deputy A.G. this 23 day of October 2020 by U.S. mail.

Terrance Swain